**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**PAMELA WECKWERTH,**

    **Plaintiff,**

    v.                                                      **Case No. 12-CV-981**

**ANDREW M. SAUL,
Commissioner of Social Security,**

    **Defendant.**

---

**DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

---

On May 2, 2013, I reversed the Social Security Commissioner's decision denying Pamela Weckwerth's application for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 21.) I granted Weckwerth's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on May 31, 2013 and awarded $7,500.00. (Docket # 24.) On remand, Weckwerth appeared before an Administrative Law Judge who approved her claim for disability insurance benefits. (Docket # 25 at 1.) The Social Security Administration issued a Notice of Award letter dated October 29, 2019, stating that Weckwerth's past-due benefits total $94,779.00. (Docket # 25-1 at 3.)

Weckwerth agreed to pay her attorney 25% of her past-due benefits award. (Docket # 25-2.) The Administration withheld $23,694.75 from her past-due disability insurance benefits to pay her representative. (Docket # 25-1 at 3.) However, Weckwerth was also represented by counsel on remand, and the Administration withheld $6,000.00 to pay the

representative. (*Id.*) The Administration continues to withhold the remainder—$17,694.75—"in case your lawyer asks the Federal Court to approve a fee for work that was done before the court." (*Id.*)

Weckwerth's counsel, Attorney Barry Schultz, requests $17,694.75 in past-due benefits. Although he acknowledges that 25% of Weckwerth's past-due benefits equals $23,694.75, because her counsel on remand was approved $6,000.00 for his work at the administrative level, Attorney Schultz, "[i]n the interest of not exceeding the 25% withheld for attorney fees," only requests the remaining $17,694.75. (Docket # 25 at 2.)[1] Attorney Schultz represents that if Weckwerth is awarded fees under § 406(b), she will be refunded the $7,500.00 he was awarded in EAJA fees. (*Id.*) *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant"). The Commissioner responds that he has no objection to Weckwerth's motion. (Docket # 25 at 4.)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent

---

[1] It should be noted that it seems the Administration continues to withhold a single pool of 25% of the past-due benefits to pay fees under both § 406(a) and § 406(b) even though the Supreme Court has explicitly stated that the statutory text contains separate caps on fees for each type of representation and authorizes two pools of withheld benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Thus, Attorney Schultz need not reduce his § 406(b) award by the $6,000.00 counsel was awarded to represent Weckwerth at the administrative level. Given Counsel's decision puts more money in the pocket of his disabled client, it is an understandable and admirable choice.

of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Weckwerth entered into a 25% contingency fee agreement with counsel. (Docket # 25-2.) Twenty-five percent of her total past due benefits equals $23,694.75 and Counsel is already requesting less than the 25% he would be entitled to pursuant to his contract. Counsel has also been awarded $7,500.00 in EAJA fees. While Counsel seeks an award of $17,694.75, he states that he will remit the previously awarded EAJA fee of $7,500.00 to Weckwerth. (Docket # 25 at 2.) Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, Counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 42.7 hours of legal work spent in this case. (Docket # 25 at 2.) He further argues that he has substantial experience in handling disability claims in federal court and he works almost exclusively on Social Security disability cases. (*Id.* at 3–4.) Finally, Counsel notes that he achieved a fully favorable result, with Weckwerth receiving nearly $95,000.00 in past-due benefits. (*Id.* at 4.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Weckwerth, who was awarded disability insurance benefits and was awarded a substantial amount of past-due benefits ($94,779.00). I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $17,694.75 for 42.7 hours of work equates to an hourly fee of approximately $415/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**. Attorney Barry Schultz is awarded fees in the amount of $17,694.75.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Schultz is directed to refund $7,500.00, representing fees that were previously awarded under the EAJA, directly to Weckwerth.

Dated at Milwaukee, Wisconsin this 18th day of November, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge